JUDGMENT

This appeal was considered on the record from the district court, the briefs of the parties, and oral argument. The court *888 has accorded the issues Ml consideration and has determined they do not warrant a published opinion. See D.C.Cir. Rule 36(b).
Ricky W. Whichard, Sr. appeals from the judgment of the district court, filed January 8, 2007, sentencing him to 210 months in prison following his plea of guilty to one count of unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year. 18 U.S.C. § 922(g)(1). He challenges the denial of his motion to suppress tangible evidence and the treatment of two of his prior convictions as “violent felon[ies]” for the purpose of enhancing his sentence under the Armed Career Criminal Act (ACCA). 18 U.S.C. § 924(e).
Whichard argues that the discovery of crack cocaine in his living room, which was the basis of the search warrant for his apartment, resulted from an unreasonable search. The district court, however, credited Detective Volpe’s testimony that he could see the crack cocaine in plain view when the officers lawfully arrested Whichard at the doorway of his apartment. This finding was not clearly erroneous and, accordingly, we do not disturb it on appeal. See United States v. Broadie, 452 F.3d 875, 880 (D.C.Cir.2006). In addition, we note the officers lawfully conducted a protective sweep of the living room after arresting Whichard in the doorway because it was a place “immediately adjoining the place of arrest from which an attack could be immediately launched.” United States v. Thomas, 429 F.3d 282, 287 (D.C.Cir. 2005) (quoting Maryland v. Buie, 494 U.S. 325, 334, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990)). There, the officers discovered the crack cocaine in plain view, providing an adequate basis for the search warrant. The subsequently discovered gun is therefore not subject to suppression.
Whichard also appeals from his sentence under the ACCA, 18 U.S.C. § 924(e), by challenging the treatment of his two prior robbery convictions under the D.C. Code as “violent felon[ies].” Under the law of the District of Columbia, the crime of “robbery,” D.C.Code § 22-2801 (2001), is not necessarily a “violent” offense for the purposes of the ACCA as it may involve a theft achieved through stealth or snatching. See United States v. Mathis, 963 F.2d 399, 409-10 (D.C.Cir. 1992). Whichard argues that because in each case he pleaded guilty to robbery as a lesser included offense of the initial charge of armed robbery, had he raised a challenge to the application of the ACCA in the district court, the Government would have had to prove the prior robberies were violent felonies and would have been unable to do so because the relevant documents or transcripts in the Superior Court’s records are no longer available.
Whichard did not object in the district court, so we review the district court’s application of the ACCA for plain error. See United States v. Williams, 358 F.3d 956, 967 (D.C.Cir.2004). We find that Whichard has failed to demonstrate the prejudice necessary to prevail upon plain error review or to demonstrate ineffective assistance of counsel. United States v. Roy, 473 F.3d 1232, 1238 (D.C.Cir.2007) (“On plain error review, the defendant bears the burden of persuasion with respect to prejudice”). In this case, Whichard concluded a plea agreement with the Government in which he accepted the application of the ACCA’s 15-year minimum sentence on the firearm charge in exchange for the Government’s dismissal of other charges punishable by 25 years in prison. As Whichard concedes in his reply brief, had the court not accepted Whichard’s eligibility for the sentence enhancement under the ACCA, he may have *889 received the same or an even greater sentence. Since Whichard has not demonstrated that, but for the court’s application of the ACCA, he might well have received a lesser sentence, he has failed to meet his burden to establish prejudice under plain error review.
It is therefore ORDERED and ADJUDGED that the judgment of the district court be AFFIRMED. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.